[Cite as *Tollefson v. Tollefson*, 2017-Ohio-7748.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

TAMMY TOLLEFSON                    :
                                    :
    Plaintiff-Appellee          :    Appellate Case No. 2017-CA-4
                                    :
v.                                  :    Trial Court Case No. 07-DIV-64256
                                    :
TORY TOLLEFSON                      :    (Civil Appeal from
                                    :     Common Pleas Court)
    Defendant-Appellant         :
                                    :

. . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of September, 2017.

. . . . . . . . . .

TAMMY TOLLEFSON, 960 S. Gray Avenue, Greenville, Ohio 45331
    Pro Se

JENNIFER J. WALTERS, Atty. Reg. No. 0066610, 80 S. Plum Street, Troy, Ohio 45373
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Tory Tollefson appeals from a decree of shared-parenting that contains a consolidated shared-parenting plan that he says does not reflect the trial court's actual current orders. Tory appears to be right, so we reverse and remand.

## I. Background

{¶ 2} The parties were divorced on February 19, 2009, and they agreed to share parenting of their two minor children under an agreed shared-parenting plan that was adopted by the trial court. On December 12, 2012, the court filed an Agreed Entry that modified the shared-parenting plan in several respects, including the parenting-time schedule. The entry states that "all other previous orders of the Court not specifically addressed herein shall remain in full force and effect." On March 19, 2014, the trial court filed a *Nunc Pro Tunc Agreed Entry* that modified several aspects of the shared-parenting plan, including the parenting-time schedule again and how the parties make decisions regarding the children's participation in extracurricular activities. On March 30, 2016, the magistrate filed an order again modifying parenting time, leaving all other orders unchanged. The magistrate also ordered Tory to prepare a document that consolidated all of the shared-parenting-plan orders. The trial court later adopted the magistrate's orders.

{¶ 3} In October 2016, Tory filed a document captioned "Final Decree of Shared Parenting" that purported to consolidate the original shared-parenting plan and all of the subsequent modifications to its provisions. On December 20, the trial court adopted Tory's consolidation. Two days later, Tammy filed objections to the document, saying that she "objects to the form of this document because it does not comply with the intent of

the Court's Order." The only explanation she gives is that "it was the Court's intention that the provisions of the prior orders be incorporated into one Shared Parenting Decree with reference to the prior Order which is being incorporated." Tammy does not object to any particular provision. She seems to be referring to the fact that no provision in Tory's document refers to a previous court order.

{¶ 4} On March 23, 2017, the trial court entered an *Updated Shared Parenting Plan Incorporating Changes Since Originally Adopted*. The first paragraph states:

> The Shared Parenting Plan was originally adopted on February 3, 2009. Since that date, various changes have been ordered to the extent that various documents must be reviewed to understand the current Orders. Therefore, the following Updated Shared Parenting Plan is filed. (Preparation by the Court acknowledges the prior update filed December 20, 2016 as prepared by Defendant's counsel and the Plaintiff's Objection thereto on December 22, 2016.)

The court then vacates the December 20, 2016 *Final Decree of Shared Parenting* and deems Tammy's objections moot.

{¶ 5} Tory filed a motion for reconsideration arguing that the updated plan does not accurately reflect the current orders of the court. But before the trial court ruled on the motion, Tory appealed.

## II. Analysis

{¶ 6} The first assignment of error alleges that the trial court erred by vacating the December 20, 2016 *Final Decree of Shared Parenting*, and the second assignment of error alleges that the trial court erred by entering the March 23, 2017 *Updated Shared*

*Parenting Plan.* Tory argues that the updated plan does not accurately reflect the court's current orders. Specifically, Tory says that updated plan does not reflect the current orders as to the choice of extracurricular activities and the parenting-time schedule. Tammy has not filed a brief.

**{¶ 7}** Tory first points to paragraph 10 on page five of the updated plan, which concerns the children's extracurricular activities. Each paragraph of the updated plan is followed by a citation to the date of the order from which the paragraph is taken. The citation for this paragraph is to the December 12, 2012 *Agreed Entry*. Tory says that this paragraph in the *Agreed Entry* was later modified by the March 19, 2014 *Nunc Pro Tunc Agreed Entry*. He appears to be correct. Next, Tory points to paragraphs 6, 7, and 8 on pages three and four of the updated plan, all of which concern the parenting-time schedule. The trial court took these paragraphs from the March 19, 2014 *Nunc Pro Tunc Agreed Entry*. Tory says that that parenting-time schedule was modified by the magistrate's March 30, 2016 *Judgment Entry*. Again, Tory appears to be correct. Lastly, Tory points to paragraph 8 on page six of the updated plan, which concerns holiday visitation. This paragraph is identical to page four's paragraph 8.

**{¶ 8}** We can find no explanation in the record for why the court adopted its earlier orders, as opposed to the more recent orders, on these matters. The court evidently agreed that the later orders were the right ones when it adopted Tory's proposed consolidation. We surmise that the court was trying to make the connection to previous orders explicit for these parties on the belief that the parties required specificity, and perhaps pulled some provisions from the wrong orders.

**{¶ 9}** Whatever happened, because we are unable to conceive of a reason to

support what the court did, we remand this case so that the court can either correct the mistake or explain why it adopted the orders that it did.

### III. Conclusion

**{¶ 10}** The two assignments of error are sustained. The March 23, 2017 shared-parenting decree is reversed. This case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J., and WELBAUM, J., concur.

Copies mailed to:

Tammy Tollefson
Jennifer J. Walters
Hon. Jonathan P. Hein